UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEITH CORDICE,                      )
                                    )
        Plaintiff                   )
                                    )
v.                                  )         No. 1:09-cv-254-JAW
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
        Defendant                   )

### RECOMMENDED DECISION ON MOTION FOR ATTORNEY FEES

Having received an award of attorney fees under the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and a Notice of Award of past due benefits that both parties agree is not a final notice, Defendant's Amended Response to Plaintiff's Motion for Award of 406(b) Fees ("Opposition") (Docket No. 25) at [1]-[2], Plaintiff's Reply Memorandum Regarding § 406(b) Fees (Docket No. 26) at 1-2, the plaintiff seeks an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $17,773.25, which represents 25% of the total amount of past due benefits recorded in the Notice of Award sent to the plaintiff by the defendant minus the EAJA award. Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 23) at 1. I recommend that the court deny the motion without prejudice.

The defendant contends that the motion is untimely, and will remain so until a final Notice of Award is issued. Opposition at [2]. I agree. The plaintiff responds that he filed the motion at this time because his attorney is unsure about whether this court's Local Rule 54.2 requires him to file such a motion within 30 days after any notice of award is received or only

after a final notice is received. Reply at 1-2. That rule provides, in relevant part: "[A]ny application for fees under 42 U.S.C. § 406(b) in a Social Security appeal pursuant to 42 U.S.C. § 405(g) that results in a remand under either sentence four or six of 42 U.S.C. § 405(g) shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof." Local Rule 54.2.

There is no apparent drawback to construing this language to apply only to a final notice of award. As the plaintiff and his attorney were informed before filing this motion, some past due benefits have been withheld in the instant case pending a possible reduction to account for other benefits that may have been paid during a portion of the past-due period. The defendant does not indicate when this calculation is likely to be completed.

There is no apparent reason to require piecemeal and repeated awards of attorney fees in Social Security cases involving past-due benefits. Everyone involved, including the court, will be best served by a single such motion to be brought after a final payment amount has been determined by the defendant. Nothing in *Reer v. Astrue*, Civil No. 08-21-P-S, 2010 WL 2927255 (D. Me. July 20, 2010), or *Richardson v. Astrue*, Civil No. 07-62-P-H, 2010 WL 2927269 (D. Me. July 20, 2010), the opinions cited by the plaintiff as requiring him to file a motion for award of attorney fees under section 406(b) "within 30 days of the issuance of any notice of award by the Commissioner[,]" Reply at 2, should be read to impose such a requirement. The receipt of an "interim" notice of award was not involved in either case.

I recommend that the court **DENY** the pending motion without prejudice to its filing after a final notice of award has been received.

Dated this 24th day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge